UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY ALLEN,

    Petitioner,　　　　　　　　　　　　　　　Case No. 14-cv-13409
v.　　　　　　　　　　　　　　　　　　　　　　　Honorable Thomas L. Ludington

PAUL KLEE,

    Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS

The petitioner, Anthony Juan Allen, confined at the Cooper Street Facility in Jackson, Michigan, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted by a jury in the Kalamazoo County Circuit Court of perjury in a trial on a capital crime, felon in possession of a firearm, and possession of a firearm during the commission of a felony. The petitioner was sentenced as a fourth habitual offender to 12 to 20 years' imprisonment on the perjury conviction, 3 to 7 years' imprisonment on the felon-in-possession conviction, which is to be served concurrently to the perjury conviction, and an initial and consecutive 2-year term of imprisonment on the felony-firearm conviction. The petitioner contends that trial counsel was ineffective for failing to object to multiple errors committed during his criminal trial. The respondent has filed an answer to the petition, asserting that the claim lacks merit. The Court agrees that the petitioner's claim is without merit, and therefore the petition will be denied.

## I.

The petitioner was convicted of the above offenses following a jury trial in the Kalamazoo County Circuit Court. The following are the relevant facts as outlined by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> Defendant's brother, Marvin Allen, had previously been convicted of murder, along with assault with intent to commit murder and two counts of felony-firearm, arising out of multiple discharges of a firearm in a parking lot melee next to a party store and auto parts store. The prosecution claimed that defendant, who was with his brother in the parking lot when the murder was committed, initially possessed and fired the gun before it ended up in the hands of defendant's brother who then used it to shoot two individuals, one of whom died. And the prosecution proceeded with the perjury charge against defendant in the case at bar on the basis that defendant perjured himself at his brother's murder trial when defendant denied ever having possessed the gun.
>
> *People v. Allen,* No. 291334, 2010 WL 3666819, at *1 (Mich.Ct.App. Sept. 21, 2010).

The petitioner's conviction was affirmed on appeal. *People v. Allen*, 488 Mich. 1041, 793 N.W.2d 711 (2010).

The petitioner seeks a writ of habeas corpus on the following ground:

Ineffective assistance of trial counsel for failing to object to multiple errors committed during petitioner's criminal trial.

## II.

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410–11.

"[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103. A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016). In reviewing petitioner's claims, this Court must remember that under the federal constitution, petitioner was "entitled to a fair trial but not a perfect one." *Lutwak v. United States,* 344 U.S. 604, 619 (1953).

**III.**

In his sole claim for relief, the petitioner argues that trial counsel was ineffective for failing to object to multiple errors committed during his criminal trial. The petitioner's brief in support of his claim lists five instances of error: (1) failing to object to the admission of Detective Charles Porn's conclusions that the videotapes introduced showed that the petitioner possessed a gun, (2) failing to object to Detective Porn's testimony that his opinion was based on talking to all of the witnesses and piecing the case together, in addition to viewing the videotape innumerable times, (3) failing to object to the admission of the prior consistent statements of witnesses Echols and Palms, (4) failing to object to blatant appeals for sympathy, and (5) failing to object to an improper closing argument.

The petitioner also alleges in his memorandum of law in support of his petition for a writ of habeas corpus that:

> The Michigan Court of Appeal's adjudication of petitioner's sixth amendment claim was based upon an unreasonable determination of the facts. Resulting in a decision that was contrary to and an unreasonable application of clearly established federal law.

The petitioner's first allegation of the ineffective assistance of counsel pertains to the failure of trial counsel to object to the admission of Detective Charles Porn's conclusions that the videotapes introduced showed that the petitioner possessed a gun.

The Michigan Court of Appeals rejected the petitioner's claim, as follows:

> There is no dispute that Detective Porn was not testifying as an expert relative to his narration of the video. We find that Porn's opinions and conclusions that defendant possessed, discharged, and transferred the gun were rationally based on his perceptions of the video.
>
> . . .
>
> [W]hile Detective Porn was assisted by some underlying information supplied to him by witnesses, his opinions were *ultimately* derived from his repeated viewings of the video, which he highly scrutinized.

> We additionally find that Porn's opinions given during his narration of the video were helpful to the determination of a fact in issue, i.e., whether defendant possessed a firearm. Detective Porn had the benefit of reviewing the video numerous times, giving him the opportunity to comprehend the events that were transpiring on the video and to determine the identity of the participants. Porn, in assessing the video, was also guided by statements and descriptions provided by defendant himself regarding his clothing and the fights in which defendant became embroiled that night.

*Allen,* No. 291334, 2010 WL 3666819, at *3. (Emphasis Original).

The Michigan Court of Appeals further concluded that Detective Porn's testimony was helpful to the jury:

> [O]ne would likely miss certain details considering the wide array of events captured by the six cameras and the lack of clarity. Porn's testimony was certainly helpful to the jury in evaluating the video footage and in discerning the identity of the individuals and the events depicted in the DVD.

*Id.* at *4.

The Michigan Court of Appeals likewise rejected petitioner's second argument that trial counsel was ineffective by failing to object to Detective Porn's testimony that his opinion was based on talking to all of the witnesses and piecing the case together, in addition to viewing the videotape innumerable times, finding that the second argument was essentially a repeat of petitioner's first argument, which the Court addressed and rejected. *Id.* at *6.

It is well-settled "that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Federal habeas courts "'must defer to a state court's interpretation of its own rules of evidence and procedure' when assessing a habeas petition." *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005) (quoting *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988)). Because the Michigan Court of Appeals determined that Detective Porn's testimony was relevant and admissible under Michigan law, this Court must defer to that determination in resolving the petitioner's

ineffective assistance of counsel claim. *See Brooks v. Anderson*, 292 Fed. App'x. 431, 437–38 (6th Cir. 2008). The Michigan Court of Appeals determined that the evidence was relevant and admissible under Michigan law. The failure to object to relevant and admissible evidence is not ineffective assistance of counsel. *See Alder v. Burt,* 240 F. Supp. 2d 651, 673 (E.D. Mich. 2003). Thus, Petitioner's first and second ineffective assistance of counsel claims are without merit.[1]

Petitioner's next alleges that trial counsel failed to object to the admission of the prior consistent statements of witnesses Echols and Palms, claiming that they are hearsay. The Michigan Court of Appeals rejected the petitioner's claim, finding that Echols' and Palms' prior statements were admissible non-hearsay under M.R.E. 801(d)(1)(B) to show that they were consistent with their trial testimony and offered to rebut an express or implied charge against the declarants of recent fabrication or improper influence or motive. *People v. Allen*, 2010 WL 3666819, at * 7.

Defense counsel was not deficient by failing to object to the alleged hearsay offered during the petitioner's trial, in light of the Michigan Court of Appeals's determination that the testimony at issue was not hearsay, or that if it was, it did not prejudice petitioner's defense. *See Adams v. Smith,* 280 F. Supp. 2d 704, 721 (E.D. Mich. 2003).

The petitioner next alleges that trial counsel was ineffective by failing to object to the prosecutor's blatant appeals for sympathy when Detective Porn testified that he did not seek charges against the petitioner until he spoke with the victim's family and was asked why the petitioner was not charged for bringing the gun to the scene.

---

[1] The petitioner in the first part of his brief argues that trial counsel, in fact, did object to Detective Porn's testimony. To the extent that counsel did, in fact, object to Detective Porn's testimony, the petitioner's ineffective assistance of counsel claim is without merit. *See e.g. Durr v. Mitchell,* 487 F.3d 423, 440 (6th Cir. 2007).

When defense counsel focuses on some issues to the exclusion of others, there is a strong presumption that he or she did so for tactical reasons, rather than through sheer neglect, and this presumption has particular force where an ineffective assistance of counsel claim is asserted by a federal habeas petitioner based solely on the trial record, where a reviewing court "may have no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive." See *Yarborough v. Gentry,* 540 U.S. 1, 5–6 (2003) (quoting *Massaro v. United States*, 538 U.S. 500, 505 (2003)). In the present case, counsel may very well have made a strategic decision not to object to this testimony, so as to avoid bringing undue attention to the evidence. *See Cobb v. Perini,* 832 F.2d 342, 347–48 (6th Cir. 1987). "[N]ot drawing attention to [a] statement may be perfectly sound from a tactical standpoint." *United States v. Caver*, 470 F.3d 220, 244 (6th Cir. 2006). The petitioner is unable to show that counsel's failure to object to this evidence—thus drawing attention to it—was deficient, so as to support an ineffective assistance of counsel claim. *See Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir. 2010).

The petitioner's final claim pertaining to the ineffective assistance of trial counsel alleges that counsel was ineffective by failing to object to the prosecutor's improper closing argument.

To show prejudice under *Strickland* for failing to object to prosecutorial misconduct, a habeas petitioner must show that but for the alleged error of his trial counsel in failing to object to the prosecutor's improper questions and arguments, there is a reasonable probability that the result of the proceeding would have been different. *Hinkle v. Randle,* 271 F.3d 239, 245 (6th Cir. 2001).

The Michigan Court of Appeals rejected the petitioner's prosecutorial misconduct claim:

> We hold that reversal is unwarranted. The arguments posed by defendant relative to the prosecutor's closing argument are essentially the same arguments already

> presented but made in the context of challenged testimony and evidence, which we rejected above. There was testimony supporting the prosecutor's comments concerning Detective Porn's intense scrutiny of the video, his unparalleled knowledge of the case, his two-plus years devoted to seeing the case through, and his extensive investigation and interviewing of all the witnesses. For the reasons stated earlier in this opinion, we find that Porn's narration of the video and his conclusions and opinions were proper and, assuming any error, it was harmless and did not prejudice defendant. With regard to any appeal for sympathy, this Court in *People v. Hedelsky*, 162 Mich.App. 382, 385-386, 412 N.W.2d 746 (1987), found that the prosecutor's comments that there should be some sense of justice for the tragic death of an innocent person were not improper when the comments were couched in terms of asking the jury to do justice after examining all of the evidence and upon a finding of guilt beyond a reasonable doubt. Here, the prosecutor made the challenged remarks and then intensely reviewed the evidence that he thought supported a guilty verdict and the imposition of justice. We do not find that counsel's performance was deficient. Objecting to a prosecutor's call for justice during closing argument would likely not sit well with a juror and, had counsel objected, the best that defendant could have expected was a cautionary instruction. But the trial court was already going to, and it did, instruct the jury that it was to render a verdict based solely on the evidence and not sympathy or prejudice, making it reasonable not to object during the closing argument. Moreover, and once again, the requisite prejudice is wholly lacking.

*People v. Allen*, 2010 WL 3666819, at * 10.

Because the Michigan Court of Appeals rejected the prosecutorial misconduct claim when it was raised by the petitioner on his appeal, the petitioner is unable to establish that he was prejudiced by counsel's failure to object to the alleged misconduct. *See Finkes v. Timmerman-Cooper,* 159 F. App'x. 604, 611 (6th Cir. 2005)*; Campbell v. United States,* 266 F. Supp. 2d 587, 589–90 (E.D. Mich. 2003). The petitioner's fifth and final claim alleging the ineffective assistance of trial counsel is without merit.

To the extent that the petitioner alleges that appellate counsel was ineffective, the petitioner's claim is without merit because it is conclusory and unsupported. *See Workman v. Bell,* 178 F.3d 759, 771 (6th Cir. 1998).

The petitioner has also filed a motion for an evidentiary hearing. A habeas petitioner is not entitled to an evidentiary hearing on his claims if they lack merit. *See Stanford v. Parker,* 266 F.3d 442, 459-60 (6th Cir. 2001). In light of the fact that the petitioner's claims are devoid of merit, he is not entitled to an evidentiary hearing on his claims.

## IV.

Before the petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. § 2254.

The petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that the petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. See Fed.R.App. P. 24(a).

**V.**

For the reasons stated, the Court concludes that the petitioner is not entitled to federal habeas relief on the claims contained in his petition. Because the Court is denying the petitioner's habeas petition, his motion for an evidentiary hearing is also denied.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [Dkt # 1] is **DENIED**.

It is further **ORDERED** that the petitioner's motion for an evidentiary hearing is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED.**

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is **DENIED.**

Dated: October 4, 2016  s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 4, 2016.

s/Kelly Winslow for
MICHAEL A. SIAN, Case Manager